**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES JOHNSON,

Plaintiff,

Case No.
Hon.

v.

CITY OF WASHTENAW, a Municipal Corporation, and OFFICER LADARYL LYTE, in his Individual Capacity, Jointly and Severally,

Defendants.
_____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

JAMES J. HARRINGTON, IV (P65351)
JENNIFER G. DAMICO (P51403)
FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555/fax (248) 355-5148
j.harrington@fiegerlaw.com
j.damico@fiegerlaw.com
_____________________________________/

NOW COMES Plaintiff, JAMES JOHNSON, through his attorneys, Fieger, Fieger, Kenney & Harrington, P.C., and for his Complaint against the above-named Defendants, states as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for money damages brought under 42 U.S.C. §1983 and §1988, arising from violations of the Fourth and Fourteenth Amendments to the United States Constitution and state laws against Defendants, County of Washtenaw, and Washtenaw County police officer, LaDaryl Lyte.

2. On July 19, 2026, Defendants, County of Washtenaw, through its sheriff's office, and Officer LaDaryl Lyte, violated James Johnson's civil rights when Defendant, Officer LaDaryl Lyte, used unnecessary and excessive force by unlawfully discharging an electronic control device (ECD).

3. Defendant, Officer LaDaryl Lyte, unlawfully shot Plaintiff, James Johnson, with his taser in dart probe mode despite the fact that James Johnson was compliant, did not engage in active resistance or aggression, and did not engage in or attempt to use deadly force against County of Washtenaw officers including Defendant, Officer Lyte.

## JURISDICTION

4. Plaintiff, James Johnson, at all times relevant to this action is, and was, a resident of the City of Ypsilanti, County of Washtenaw, State of Michigan.

5. Defendant, County of Washtenaw ("County"), is a Michigan municipal corporation responsible for the control and oversight of its departments, agencies, and facilities including the Washtenaw County Sheriff's Office ("WCSO"), and

Defendant, Officer LaDaryl Lyte.

6. Defendant, Officer LaDaryl Lyte (hereinafter "Officer Lyte"), at all times relevant, is and was, a sworn police officer, employed by Defendant City, acting in the scope of his employment, in his capacity as a WCSO Officer, and acting under the color of state law.

7. This court has jurisdiction over Plaintiff's 42 U.S.C. §1983 and §1988 claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §1331 and §1343.

8. This court has jurisdiction over Plaintiff's state law claims pursuant to Federal Rule of Civil Procedure 18 and 28 U.S.C. §1367.

9. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) because the unlawful actions alleged in this Complaint took place within the City of Ypsilanti, located within the Southern Division of the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference each allegation contained in the previous paragraphs as though fully stated herein.

11. On July 19, 2026, Plaintiff, James Johnson, a 38-year-old black male, was a lawful passenger in a vehicle owned and operated by Kamya Vesey in Ypsilanti, Michigan.

12. Upon information and belief, WCSO Officer Charles Shankland claimed to recognize Plaintiff as an individual known to him to have active warrants, and notified WCSO officers in the area that Ms. Vesey's white Ford Fusion needed to be stopped.

13. Defendant, Officer Lyte, and his partner, Officer Benjamin Vander Roest, initiated the traffic stop of Ms. Vesey's vehicle at approximately 4:42 a.m.

14. At approximately 4:44 a.m., Officers Lindsay Shires and Kirkland Harshaw arrived at the scene and approached Ms. Vesey's vehicle on the driver's side while Defendant, Officer Lyte, and Officer Vander Roest remained on the passenger side where Plaintiff, Johnson, was seated in the front passenger seat.

15. Upon information and belief, neither Defendant, Officer Lyte, nor the additional officers at the scene clearly provided Ms. Vesey or Plaintiff, James Johnson, with a reason for the stop.

16. At 4:45 a.m., a separate vehicle occupied by Eddie Gardner Jr. (hereinafter "Gardner") and Larinzo Stennis (hereinafter "Stennis) pulled over in front Ms. Vesey's vehicle. Both men approached the scene, asking the officers the reason the vehicle had been stopped.

17. At approximately the same time Officers Bryan Gerwig and Charles Shankland arrived at the scene of the traffic stop.

18. According to BWC footage, Officer Gerwig pushed Gardener while

instructing that they leave the area, and a physical altercation ensued between Gardner and several officers at the scene.

19. Due to difficulty subduing Gardner during the altercation, Officer Vander Roest used his taser against Gardner, and placed him under arrest.

20. Plaintiff, James Johsnon, did not participate in the physical altercation between the officers and Gardner.

21. While the altercation with Gardner was underway, Defendant, Officer Lyte, remained next to the front passenger area of Ms. Vesey’s vehicle where Plaintiff, James Johnson, was seated.

22. Upon information and belief, while the confrontation described above was occurring, Defendant, Officer Lyte, directed Plaintiff to exit the vehicle.

23. At all times relevant, Plaintiff, James Johnson, exited the vehicle and complied with Officer Lyte’s commands without resistance or physical aggression toward the officers.

24. Upon exiting the vehicle, Plaintiff raised and/or maintained his hands in the air where Plaintiff's hands were visible to Defendant, Officer Lyte.

25. At all times relevant, after exiting the vehicle, Plaintiff stood against Ms. Vesey’s vehicle with his back to Officer Lyte.

26. At all times relevant, Plaintiff's conduct demonstrated that he was complying with Defendant, Officer Lyte's, commands.







27. At all times relevant, Plaintiff was already under the officers' control, facing the vehicle with his hands up and/or visible to officers when Defendant, Officer Lyte, shot him with his taser.




28. Defendant, Officer Lyte's, use of his taser was unnecessary, disproportionate, and objectively unreasonable under the circumstances.

29. At all times relevant, Defendant, Officer Lyte, failed to comply with the WCSO policies and procedures regarding subject control/use of force.

30. Upon information and belief, Defendant, Officer Lyte did not announce to Plaintiff a warning of his intent to use the taser.

31. At all times relevant, Plaintiff voluntarily complied with the officers' commands.

32. At all times relevant, Plaintiff did not pose a risk to himself, the public, or the officers.

33. At all times relevant, Plaintiff's actions did not constitute active resistance, active aggression, and/or the use or threat of deadly force.

34. Although Plaintiff may have verbally criticized and/or insulted WCSO officers, Plaintiff's verbal statements did not constitute physical resistance and/or present an immediate threat of physical harm to officers or any other person.

35. Plaintiff's status as a person whom officers believed had an outstanding warrant did not create an immediate physical threat, nor did Plaintiff's warrant status transform his compliant conduct into active physical resistance.

36. At no time did Plaintiff physically strike or make physical contact with Officer Lyte or any other officer at the scene.

37. Defendant, Officer Lyte, had reasonable alternatives to deploying his taser, including issuing additional verbal commands, allowing Plaintiff additional time to comply, maintaining distance, securing Plaintiff through less intrusive means, or otherwise de-escalating the encounter.

38. At no point in time did Defendant, Officer Lyte, attempt to de-escalate the encounter before utilizing his taser.

39. At all times relevant, Plaintiff’s conduct did not require the immediate use of a taser.

40. At all times relevant Plaintiff was complaint with the commands issued by Defendant, Officer Lyte.

41. That as a proximate result of the unlawful and unconstitutional conduct of Defendants, Plaintiff, James Johnson, suffered and will continue to suffer

damages in the future including, but not limited to:

a. Pain and suffering;

b. Anxiety;

c. Mental anguish;

d. Emotional distress;

e. Fright and shock;

f. Humiliation;

g. Reasonable medical expenses;

h. Exemplary, compensatory, nominal, and punitive damages allowed under Michigan and federal law;

i. Attorney fees, interests, and costs pursuant to 42 U.S.C. §1988;

j. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

k. Any other damages allowed by law.

## COUNT I

## 42 U.S.C §1983 – VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS - EXCESSIVE FORCE

## (AGAINST DEFENDANT, OFFICER LADARYL LYTE)

42. Plaintiff incorporates by reference each allegation contained in the previous paragraphs as though fully stated herein.

43. At all times relevant, Plaintiff had a clearly established right to

protection from excessive force and unreasonable seizure pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

44. At all times relevant, as a WCSO police officer employed by Defendant, County of Washtenaw, and acting under the color of law, Defendant, Officer Lyte, was required to obey the laws of the United States including those laws identified under the Fourth Amendment to the United States Constitution.

45. Defendant, Officer Lyte, deprived Plaintiff of his clearly established, constitutionally protected rights to be free from excessive force and unreasonable seizure under the Fourth and Fourteenth Amendments to the to the United States Constitution by the following wrongful acts or omissions:

a. Using clearly unjustified and excessive force on Plaintiff by deploying his taser when Plaintiff was demonstrating voluntary compliance with commands, in violation of WCSO General Order 3.04;

b. Using deadly or excessive force where Plaintiff posed no imminent threat based upon an objectively reasonable perception of impending danger, harm, or serious injury to Defendant or the public;

c. Using an amount of force that was objectively unreasonable based upon the seriousness of the alleged crime(s), if any, committed by Plaintiff;

d. Engaging in the use force when a lawful purpose to use force against Plaintiff was not present;

e. Failing to de-escalate the situation allowing Plaintiff time and opportunity to submit to verbal commands before any force was used, in violation of WCSO

General Order 3.04;

f. Failing to use the minimal amount of force necessary;

g. Failing to use force proportional to the perceived offense;

h. Failing to use other feasible, less intrusive force options before deploying a taser;

i. Failing to provide warning to Plaintiff of his intent to make use of his taser if Plaintiff did not comply with commands;

j. Failing to make use of de-escalation techniques when an altercation ensued between Gardner and WCSO officers.

k. Any other wrongful acts or omissions that become known during litigation.

46. Any objectively reasonable police officer, at the time of this incident, would have known that tasing a subject facing a vehicle with his hands up and/or visible, who did not demonstrate active resistance, aggression, or threat of deadly force, was illegal, unnecessary, and excessive, under the same or similar circumstances, as the law was clearly established in this Circuit.

47. Defendant, Officer Lyte, is not entitled to qualified immunity.

48. The conduct of Defendant, Officer Lyte, was and remains shocking, extreme, intentional, malicious, oppressive, willful, and outrageous, subjecting Defendant to punitive damages.

49. That as a proximate result of the unlawful and unconstitutional conduct

of Defendants, Plaintiff, James Johnson, suffered and will continue to suffer damages in the future including, but not limited to, those listed in paragraph 39 of this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00 Dollars, together with interest, costs and attorney fees, as well as punitive and/or exemplary damages.

## COUNT II

## 42 U.S.C. §1983 – MONELL LIABILITY DEFENDANT, COUNTY OF WASHTENAW

50. Plaintiff incorporates by reference each allegation contained in the previous paragraphs as though fully stated herein.

51. At all times relevant, Defendant, County of Washtenaw, failed to train, discipline, and supervise Defendant, Officer Lyte, promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978).

52. At all times relevant, Defendant, County of Washtenaw, was on notice or should have known, of a history, custom, propensity, and pattern at times relevant to the allegations herein for Defendant, Officer Lyte, and other employees of WCSO

by acting with deliberate indifference to the constitutional rights of persons with whom its officers would come into contact.

53. Prior to the July 19, 2026, incident involving Plaintiff, upon information and belief, Defendant, County of Washtenaw, had received complaints and/or had notice of prior incidents involving its officers' use of excessive force, including the unnecessary or unreasonable use of tasers when confronting a citizen not actively resisting or posing an immediate threat.

54. Despite such notice, Defendant, County of Washtenaw, failed to take corrective action including appropriately training, supervising, and/or disciplining its officers.

55. At all times relevant, Defendant, County of Washtenaw, failed to establish, implement, or execute adequate policies, procedures, rules, and regulations to ensure their actions did not create or increase the risk of unconstitutional and excessive force by WCSO officers.

56. At all times relevant, Defendant, County of Washtenaw, knew that its policies, procedures, customs, propensity and patterns of allowing officers to use excessive force and conduct unreasonable seizures would deprive citizens of their constitutionally protected rights and privileges, such as Plaintiff, James Johnson.

57. By inadequately training and/or supervising their officers, having a custom or policy of deliberate indifference to the constitutional rights of their

citizens, and failing to take corrective action, the County of Washtenaw encouraged and cultivated the conduct which violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

58. That as a proximate result of the unlawful and unconstitutional conduct of Defendants, Plaintiff, James Johnson, suffered and will continue to suffer damages in the future including, but not limited to, those listed in paragraph 39 of this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00 Dollars, together with interest, costs and attorney fees, as well as punitive and/or exemplary damages.

**COUNT III**

**ASSAULT AND BATTERY**

**(AGAINST DEFENDANT, OFFICER LADARYL LYTE)**

59. Plaintiff incorporates by reference each allegation contained in the previous paragraphs as though fully stated herein.

60. Defendant, Officer Lyte, made an intentional and unlawful threat or offer to do bodily injury to Plaintiff, James Johnson.

61. Defendant's threat was made under circumstances that created in Plaintiff a well-founded fear of imminent bodily injury.

62. Defendant had the apparent present ability to carry out the act if not prevented.

63. Defendant thereafter completed the violent process when he shot Plaintiff with his taser in violation of Plaintiff's constitutional rights and privileges.

64. That as a proximate result of Defendant's assault and battery, Plaintiff, James Johnson, suffered and will continue to suffer damages in the future including, but not limited to, those listed in paragraph 39 of this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00 Dollars, together with interest, costs and attorney fees, as well as punitive and/or exemplary damages.

**COUNT IV**

**GROSS NEGLIGENCE, WILFULL AND WANTON MISCONDUCT**

**(AGAINST DEFENDANT, OFFICER LADARYL LYTE)**

65. Plaintiff incorporates by reference each allegation contained in the previous paragraphs as though fully stated herein.

66. Defendant, Officer Lyte, owed Plaintiff a duty to use ordinary care to ensure his safety and freedom from excessive force.

67. Defendant, Officer Lyte, is not entitled to governmental immunity under Michigan law, MCL §691.1407, *et. seq*. as his conduct amounted to gross

negligence, and/or willful and wanton misconduct.

68. Further, Defendant's conduct demonstrated a willful disregard for precautions to ensure Plaintiff's safety and created a substantial risk of serious harm.

69. That as a proximate result of Defendant's assault and battery, Plaintiff, James Johnson, suffered and will continue to suffer damages in the future including, but not limited to, those listed in paragraph 39 of this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00 Dollars, together with interest, costs and attorney fees, as well as punitive and/or exemplary damages.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

BY: */S/ Jennifer G. Damico*

JENNIFER G. DAMICO (P51403)
Attorney for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555/Fax (248) 355-5148
j.damico@fiegerlaw.com

Date: October 5, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES JOHNSON,

Plaintiff,

v.

CITY OF WASHTENAW, a Municipal Corporation, and OFFICER LADARYL LYTE, in his Individual Capacity, Jointly and Severally,

Defendants.
______________________________________/

Case No.
Hon.

**JURY DEMAND**

JAMES J. HARRINGTON, IV (P65351)
JENNIFER G. DAMICO (P51403)
FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555/fax (248) 355-5148
j.harrington@fiegerlaw.com
j.damico@fiegerlaw.com
______________________________________/

NOW COMES Plaintiff, JAMES JOHNSON, through his attorneys, Fieger, Fieger, Kenney & Harrington, P.C., hereby requests a trial by jury in the above-captioned matter.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

BY: */S/ Jennifer G. Damico*
JENNIFER G. DAMICO (P51403)
Attorney for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555/Fax (248) 355-5148
j.damico@fiegerlaw.com

Date: October 5, 2026